FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 23 PM 3:22

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FREDERICK BERNARD FREEMAN,       )
                                 )
            Plaintiff,           )
                                 )
        v.                       )        CV 112-169
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security  )
Administration,[1]               )
                                 )
            Defendant.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Frederick Bernard Freeman ("Plaintiff") appeals the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

---

[1] The Court takes judicial notice that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Carolyn W. Colvin, Acting Commissioner of Social Security Administration, as Defendant in this case. Nevertheless, for ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

## I. BACKGROUND

Plaintiff protectively applied for SSI on April 8, 2010, alleging a disability onset date of June 15, 1989.[2] Tr. ("R."), pp. 134-41, 151. The Social Security Administration denied Plaintiff's applications initially, R. 81-88, and on reconsideration, R. 93-99. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 100-01, and the ALJ held a hearing on December 9, 2011. R. 32-76. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Dian Haller, a Vocational Expert ("VE"). Id. The ALJ kept the record open following the hearing so that Plaintiff could undergo a consultative evaluation, which he did on February 15, 2012.[3] R. 74-75, 241-52. On May 4, 2012, the ALJ issued an unfavorable decision. R. 17-27.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since April 8, 2010, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative arthritis of the right ankle, partial Achilles tendon rupture of the left leg, and alcohol and marijuana abuse (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to

---

[2] Plaintiff originally filed applications for both disability insurance benefits and SSI. R. 134-41. However, on December 9, 2011 Plaintiff amended his alleged onset date to April 8, 2010 and withdrew his application for disability insurance benefits. R. 150.

[3] Several pages of the Consultative Examination Report contain a header showing a date of February 14, 2012. See R. 247-52. However, for the purpose of this report and recommendation, the Court will use February 15, 2012 as the date of the examination, as that is the date the examining physician signed the report. See id. at 244, 252.

perform a wide range of medium work[4] as defined in 20 C.F.R. § 416.967(c). The claimant has no limitations for sitting in an eight-hour workday. He is capable of standing and/or walking for up to four hours in an eight-hour workday. If someone can do medium work, it is implicit that this person can also perform light and sedentary work that is inclusive within this exertional level. He has no postural limitations with the exception of no climbing of ladders, ropes, or scaffolds and no balancing. The claimant is limited to unskilled work. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week. The claimant has no past relevant work (20 C.F.R. § 416.965).

5.      Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)). Therefore, the claimant was not under a disability, as defined in the Social Security Act, from April 8, 2010 through May 4, 2012 (the date of the ALJ's decision).

R. 19-27.

When the Appeals Council denied Plaintiff's request for review on September 28, 2012, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by (1) failing to find at step two that Plaintiff's back problem was a severe impairment; (2) failing to properly evaluate the medical evidence in making her RFC determination, resulting in misapplication of the Medical-Vocational Guidelines (the "Grids"); and (3) improperly relying on the VE's testimony in determining that Plaintiff was not disabled. (See doc. no. 11 ( "Pl.'s Br.").) The Commissioner maintains

---

[4] "Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 12 ( "Comm'r's Br.").)

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire

record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.     DISCUSSION

### A.     The ALJ Properly Determined at Step Two that Plaintiff's Back Problem Was Not a Severe Impairment.

Plaintiff argues that the ALJ erred at step two of the sequential process by finding that Plaintiff's back problem did not constitute a "severe" impairment. Pl.'s Br., p. 11. Plaintiff asserts in conclusory fashion that "[t]he hearing testimony and medical documents clearly establish that the Plaintiff had a low back problem," but does not point to any specific supporting evidence. Id. Nevertheless, the question remains whether the ALJ's determination is supported by substantial evidence.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes

necessary to do most jobs." 20 C.F.R. § 416.921(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). At the second step of the sequential evaluation process:

If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 416.920(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from

6

working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

The ALJ discussed the medical evidence concerning Plaintiff's back problem at step two, stating that "[t]he evidence of mild lumbar degenerative disc disease and related pain fails to establish any significant related functional limitations." R. 19. The ALJ then remarked that Plaintiff's back condition "appears to have been an isolated single incident or sprain," citing records from Plaintiff's emergency room visit for back and leg pain on March 29, 2011. Id. In particular, the ALJ noted that these records indicated Plaintiff "was treated conservatively for lumbosacral radiculopathy and released the same day with no evidence of follow-up or other related treatment for the same complaints." R. 19-20; R 229-37. Because the ALJ cited specific medical evidence from the record in determining that Plaintiff's back problem was non-severe, her determination is supported by substantial evidence. Martin, 894

F.2d at 1529. The Court is mindful that Plaintiff's burden to show the severity of a particular impairment is not a heavy one. See McDaniel, 800 F.2d at 1031. Here, however, the ALJ properly determined that Plaintiff failed to meet that burden as to his back problem. Accordingly, the Court finds that this issue provides no basis for remand.

**B.  The ALJ Properly Evaluated the Medical Evidence in Making Her RFC Finding and Therefore Properly Applied the Grids.**

Plaintiff also argues the ALJ erred by failing to properly evaluate the medical evidence, leading to an erroneous RFC that Plaintiff could perform medium work, and therefore an improper application of the Grids to determine that Plaintiff was not disabled. R. 12-16, 18-20. Specifically, Plaintiff claims the ALJ failed to give proper weight to the opinion of examining physician Dr. Steinart, to whom Plaintiff was referred by the Commissioner for a consultative examination on February 15, 2012, and who thereafter completed a Medical Source Statement.[5]  Pl.'s Br., pp. 12-16. Plaintiff claims the ALJ "totally discounted and ignored" Dr. Steinart's opinion, which he asserts "placed severe limitations on Plaintiff's ability to stand and/or to walk." Id. at 12. Plaintiff argues that these limitations should have resulted in an RFC determination that he was limited to sedentary work. R. 12, 20. The Commissioner asserts that the ALJ properly weighted Dr. Steinart's opinion, and that substantial evidence supports the ALJ's RFC determination that Plaintiff could perform medium work. Comm'r's Br., pp. 8-9.

In the Eleventh Circuit, a treating physician's opinion must generally be given

---

[5]  Plaintiff was previously referred to Dr. Steinart by the Commissioner for a consultative examination on February 22, 2011, but Dr. Steinart did not complete a Medical Source Statement at that time. R. 222-27.

substantial weight, Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*), but the same is not true of a consultative physician. As a general rule, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1160-61 (11th Cir. 2004) (*per curiam*). In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 416.1527(c)(1)-(2), (5).

Furthermore, the ALJ has a duty to develop the facts of the case fully and fairly. Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984) (citing Ford v. Sec'y of Health and Human Serv., 659 F.2d 66, 69 (5th Cir. 1981)). As part of that duty, the ALJ must "make clear the weight accorded to the various testimony considered." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Specifically, the ALJ is required to "state specifically the weight accorded to each item of evidence and why she reached that decision" since, "in the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Id.

Here, the ALJ noted the lack of functional evaluations or opinions from treating sources on record, which Plaintiff testified was due to the fact he could not afford health care. R. 22, 25. Therefore, the ALJ stated that "the consultative and non-examining

sources are afforded appropriate weight; particularly given their consistency with the overall clinical and medical evidence of record." Id. at 25. The ALJ specifically stated that she afforded Dr. Steinart's Medical Source Statement "significant weight." Id. at 24. Indeed, the ALJ discussed Dr. Steinart's evaluation at length in her RFC assessment, noting Dr. Steinart's findings that Plaintiff could continuously lift or carry up to 20 pounds, occasionally lift or carry up to 100 pounds, and could stand or walk up to one hour continuously and two hours each in an eight hour workday. Id. The ALJ also emphasized Dr. Steinart's findings that Plaintiff's range of motion studies were normal except for evidence of right ankle pain, and that his gait was normal and he needed no assistive device to ambulate. Id. The questions posed to the VE included Dr. Steinart's opined limitations, and the VE stated that Plaintiff qualified for light and sedentary work and identified jobs Plaintiff could perform at such levels. R. 26-27, 66-71.

Plaintiff argues that limitations on his ability to stand or walk restrict him to sedentary work. Specifically, Plaintiff asserts that an individual must be able to stand for six hours in an eight hour work day to perform light work, and that Dr. Steinart's opinion that Plaintiff could only stand or walk only two hours each in a work day therefore precludes light work.[6] Pl.'s Br., pp. 19-20. However, light work can involve "sitting most of the time with some pushing and pulling of arm and leg controls," and the definition of medium work does not contain any qualifications as to the ability to walk,

---

[6] Plaintiff's assertion that Dr. Steinart limited him to sitting ten to twenty minutes at a time and walking ten minutes at a time mischaracterizes Dr. Steinart's opinion, as these notations merely documented Plaintiff's alleged limitations as he described them during the consultative examination. R. 245.

stand or sit. 20 C.F.R. § 416.967(b) & (c). Because Dr. Steinart indicated Plaintiff could lift or carry up to 100 pounds occasionally, her opinion supports an RFC for medium work. R. 247. Dr. Steinart did not opine any limitations on Plaintiff's use of hands or feet that would preclude the pushing and pulling of arm and leg controls required for light work. R. 249. Furthermore, the ALJ did not rely exclusively on the Grids at step five, as she also considered the VE's testimony as to the impact of additional limitations. R. 26-27. Therefore, the ALJ's RFC determination and subsequent application of the Grids at the medium level were supported by Dr. Steinart's February 2012 opinion.

In sum, the ALJ relied heavily on Dr. Steinart's opinion—including her opined limitations regarding Plaintiff's ability to stand or walk—in making her RFC determination. The ALJ specifically stated the weight she afforded to the medical opinions on record, and gave Dr. Steinart's opinion and Medical Source Statement significant weight. The Court cannot reweigh or reinterpret Dr. Steinart's opinion and Medical Source Statement to make a new RFC determination. Indeed, the Court's "limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing Bloodsworth, 703 F.2d at 1239); see also Cornelius, 936 F.2d at 1145. Thus, the ALJ's RFC determination is supported by substantial evidence, including Dr. Steinart's February 2012 opinion, and her subsequent application of the Grids was proper.

### C. The ALJ Properly Relied on the VE's Testimony to Determine that Plaintiff Was Not Disabled.

Plaintiff asserts the ALJ erred because the hypotheticals she posed to the VE at the hearing did not include limitations from Plaintiff's back problem and were not

adjusted and re-posed to the VE after the hearing to reflect Dr. Steinart's February 2012 opinion and Medical Source Statement. Pl.'s Br., p. 17.

At the hearing, the ALJ first asked the VE to consider a hypothetical individual of the same age, education, and work experience as Plaintiff, and who retained the capacity to perform medium work with no limitations for sitting, but was restricted to standing or walking for up to four hours in an eight-hour workday. R. 67. The hypothetical also limited the individual to unskilled work and no balancing, with postural limitations of "no climbing of ladders, ropes or scaffolds." Id. Based on these assumptions, the ALJ asked the VE "[a]re there any jobs in the national economy or in the state of Georgia that such an individual could perform?" Id. The VE testified that there were, and identified the jobs of ticket seller and cashier at the light level, as well as products assembler and inspector and packer of small products at the sedentary level. Id. at 67-69.

In the second hypothetical posed to the VE, the ALJ added that the individual required an option to alternate between sitting and standing. Id. at 69. The VE testified that this additional limitation did not alter her response. Id. The ALJ then re-posed the first two hypotheticals, adding yet another limitation, this time that the individual required use of a cane. Id. at 69-71. The VE responded that the individual in both hypotheticals could still perform the cashier and ticket seller positions. Id.

Of course, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814

F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).

Here, Plaintiff's first assertion of error concerning the hypotheticals—that the ALJ improperly excluded limitations from Plaintiff's back problem—fails, because the ALJ properly found Plaintiff's back problem to be a non-severe impairment at step two. See supra Part III.A. Thus, the ALJ properly excluded these limitations from the hypotheticals posed to the VE. See Morgan v. Astrue, No. CV 310-073, 2012 WL 92494, at *7 (S.D. Ga. Jan. 11, 2012) (citing Loveless v. Massanari, 136 F. Supp.2d 1245, 1250-51 (M.D. Ala. 2001) ("[T]he hypothetical question posed by the ALJ may omit non-severe impairments.").

The Court likewise rejects Plaintiff's contention that the ALJ erred by opting not to adjust and re-pose the hypotheticals to the VE in light of Dr. Steinart's post-hearing consultative examination. In particular, Plaintiff argues that the ALJ's hypotheticals failed to take into account the "significant" standing limitations that Dr. Steinart imposed. Pl.'s Br., p. 17. First, the hypotheticals posed to the VE at the hearing actually included the same limitations on walking and standing that Dr. Steinart later opined in her Medical Source Statement, that Plaintiff could walk or stand for two hours each—for a total of

four hours combined—in an eight-hour workday. R. 248. Furthermore, as noted by the ALJ in her decision, these hypotheticals actually contained more restrictions than were opined by Dr. Steinart once a sit/stand option and restriction to use of a cane were added. R. 27. Even with these additional limitations, the VE still testified that jobs existed that Plaintiff could perform. R. 69-70. Therefore, the Court finds that the ALJ's hypotheticals adequately accounted for Plaintiff's characteristics. McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63. As such, the ALJ properly relied on the VE's testimony, and her determination that Plaintiff was not disabled is supported by substantial evidence. Jones, 190 F.3d at 1229. Thus, this issue also provides no grounds for remand.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 23th day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE