IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FREDERICK BERNARD FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-169 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 19). After thorough consideration of the grounds of error alleged in Plaintiff's briefing, the Magistrate Judge recommended that the Acting Commissioner's final decision be affirmed because it was based on substantial evidence. (Doc. no. 17.)

In his objections, Plaintiff makes much of the opinion of consultative examiner Dr. Harriett Steinart, which restricted Plaintiff to two hours each standing and walking in an eight hour workday. (Doc. no. 19, p. 4.) Plaintiff argues these restrictions render him unable to perform the full range of either medium or light work, and that application of the Medical-Vocational Guidelines ("Grids") at the sedentary level directs a finding that he is disabled. (Id. at 6.) However, it is well established that exclusive reliance on the Grids is inappropriate when a claimant cannot perform the full range of work at a particular exertional level. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). "In such cases, the Commissioner's preferred method of demonstrating that the claimant can

perform other jobs is through the testimony of a VE." Id. (internal citation omitted). This is precisely what happened in this case, as the Administrative Law Judge ("ALJ") considered testimony from a Vocational Expert ("VE") to determine the extent to which Plaintiff's occupational base was eroded by his physical impairments. Tr. ("R.") 26-27.

Plaintiff claims the ALJ "ignore[d] the limitations placed on the claimant by Dr. Steinart." (Doc. no. 19, p. 4.) To the contrary, the ALJ included Dr. Steinart's limitations on standing and walking in his RFC determination and the hypotheticals presented to the VE. R. 67-69. Both the ALJ and the VE acknowledged that Plaintiff's standing and walking restrictions rendered him unable to perform the full range of light work, but even with these restrictions the VE testified that jobs exist in the national economy at the light and sedentary levels that Plaintiff can perform. Id. Therefore, Plaintiff's arguments based on Dr. Steinart's limitations on Plaintiff's ability to stand and walk are without merit.

Plaintiff cites two Alabama cases for the proposition that a claimant must be able to stand or walk for more than four hours in an eight hour work day in order to perform the full range of medium work. Coleman v. Barnhart, 264 F. Supp. 2d 1007 (S.D. Ala. 2003); Thomason v. Barnhart, 344 F. Supp. 2d 1326 (N.D. Ala. 2004). However, these cases have been roundly criticized by courts within the Eleventh Circuit. More importantly, these cases are irrelevant because, as stated above, the ALJ acknowledged that Plaintiff's physical limitations precluded the full range of medium and light work, and therefore properly relied on the VE's testimony in finding Plaintiff is not disabled.

Plaintiff's objections not expressly discussed herein merely restate arguments the Magistrate Judge already addressed at length and do not offer any new information or evidence that warrants a deviation from the Magistrate Judge's recommendation. Therefore, the Court hereby **OVERRULES** Plaintiff's objections. (Doc. no. 19.) Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Acting Commissioner's final decision is **AFFIRMED**, this civil action is

**CLOSED**, and a final judgment shall be **ENTERED** in favor of the Acting Commissioner.

SO ORDERED this 25th day of February, 2014, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3